UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TIMOTHY HOLDEN,

      Plaintiff,      Civil No. 04-10250-BC
v.                 Hon. David M. Lawson
                 Magistrate Judge Charles E. Binder
COUNTY OF SAGINAW, CITY
OF SAGINAW, SAGINAW POLICE
DEPARTMENT, SERGEANT MARK
LIVELY, GEORGE BEST, II, AUTO
OWNERS INSURANCE COMPANY
and MCMARTIN, WASH &
ASSOCIATES,

      Defendants.
_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES
MAGISTRATE JUDGE, GRANTING DEFENDANTS' MOTIONS TO DISMISS,
AND DISMISSING CASE WITH PREJUDICE AS TO DEFENDANTS
AUTO OWNERS AND McMARTIN, AND WITHOUT PREJUDICE AS
TO REMAINING DEFENDANTS**

  This matter is before the Court for a *de novo* review of motions to dismiss filed by certain defendants in this case. The plaintiff filed the present action *pro se* alleging that his civil rights were violated by a warrantless search of his premises, a prosecution against him in the Michigan state courts, and statements made by some of the defendants. On October 5, 2004, the Court referred the matter to Magistrate Judge Charles E. Binder for general case management. *See* 28 U.S.C. § 636(b)(1)(A) & (B). Thereafter, defendants Saginaw County and Best filed a motion to dismiss, as did defendants City of Saginaw, Saginaw Police Department, and Lively.

  On February 25, 2005, Magistrate Judge Binder filed a report and recommendation in which he observed that the State court criminal proceedings against the plaintiff are still pending. He recommended that the Court abstain from hearing the matter under *Younger v. Harris*, 401 U.S. 37

(1971), and dismiss the case without prejudice as to all defendants except Auto Owners Insurance Company and the law firm of McMartin, Wash, & Associates. *See Shamaeizadeh v. Cunigan*, 182 F.3d 398, 399 (6th Cir. 1999) (holding that a federal civil rights claim arising from a State criminal investigation or prosecution does not even accrue until after the State trial and appellate proceedings have concluded); *Schilling v. White*, 58 F.3d 1081, 1085 (6th Cir. 1995) (observing that prior Circuit precedent allowing abatement of such federal actions was no longer tenable in light of *Heck v. Humphrey*, 512 U.S. 477 (1994)). As to those two defendants, the magistrate judge determined the plaintiff's complaint to be frivolous and he recommended that the matter be dismissed with prejudice.

The plaintiff filed objections to the magistrate judge's report on March 8, 2005. In his objections, the plaintiff states that despite the precedential authority cited by the magistrate judge, his action should not be dismissed but rather held in abeyance until the State criminal proceedings are terminated so that the plaintiff will not have to incur new filing fees and service expenses. The plaintiff made no comment on the suggestion that his claims against defendants Auto Owners and McMartin were frivolous.

A party who disagrees with the recommendation of a magistrate judge must "serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. Pro. 72(b); *see also* 28 U.S.C. § 636(b)(1) (stating that "[w]ithin ten days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made"). The objecting party must raise all the grounds on which he intends to rely and must

address each aspect of the recommendation with which he disagrees to avoid waiving his right to further review; "making some objections but failing to raise others will not preserve all the objections a party may have." *Smith v. Detroit Fed. of Teachers Local 231, Am. Fed. of Teachers, AFL-CIO*, 829 F.2d 1370, 1373 (6th Cir. 1985) (citing *Thomas v. Arn*, 474 U.S. 140 (1985)). "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Neuman v. Rivers*, 125 F.3d 315, 323 (6th Cir. 1997).

In this case, the plaintiff objects to the recommended dismissal solely on the basis of the inconvenience and expense he would incur by having to refile his claim when it ripens into a cognizable action. That is not a tenable argument. The magistrate judge has set forth a sufficient explanation of governing law in support of his recommendation that the matter should be dismissed against the various parties, and the plaintiff has not persuaded the Court that the magistrate judge's report is erroneous in any respect. Nor does the plaintiff contest the recommended dismissal of the non-governmental defendants.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation is **ADOPTED**.

It is further **ORDERED** that the motions to dismiss by defendants Saginaw County, Best, City of Saginaw, Saginaw Police Department, and Lively [dkt # 6, 9] are **GRANTED** in part.

It is further **ORDERED** that the complaint is **DISMISSED WITHOUT PREJUDICE** as to defendants Saginaw County, Best, City of Saginaw, Saginaw Police Department, and Lively.

It is further **ORDERED** that the complaint is **DISMISSED WITH PREJUDICE** as to defendants Auto Owners Insurance Company and McMartin, Wash, & Associates.

It is further **ORDERED** that the order of reference for general case management has been completed.

s/David M. Lawson<br>
DAVID M. LAWSON<br>
United States District Judge

Dated: April 19, 2005

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 19, 2005.

s/Tracy A. Jacobs<br>
TRACY A. JACOBS